1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FAIYAZ H. SABA,<br><br>            Plaintiff,<br><br>      vs.<br><br>MITCHEL H. CAPLAN, ALL CALIFORNIA MORGAGE, and E*TRADE WHOLESALE LENDING CORP.,<br><br>            Defendants. | Case No:  C 10-2113 SBA<br><br>**ORDER DISMISSING ACTION** |

        Plaintiff filed the instant mortgage fraud action on May 18, 2010.  On June 25, 2010, Defendant All California Mortgage filed a motion to dismiss Plaintiff's complaint.  Dkt. 13. On August 30, 2010, Defendants Mitchel H. Caplan and E*Trade Wholesale Lending Corporation also filed a motion to dismiss Plaintiff's complaint.  Dkt. 32.  A hearing on both motions to dismiss is scheduled for October 26, 2010.  Under Civil Local Rule 7-3(a), any opposition or statement of non-opposition was due by October 5, 2010, which is twenty-one days prior to the hearing date.  Plaintiff did not respond to either motion.

        Rule 41(b) authorizes the Court to dismiss an action where a plaintiff has failed to comply with the Federal Rules of Civil Procedure, the Court's local rules or any court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  Pursuant to this authority, the Ninth Circuit has held that the failure to file an opposition to a motion to dismiss in contravention of

1   the local rules or court order is grounds for granting the motion.  Ghazali v. Moran, 46 F.3d 52,

2   53 (9th Cir. 1995) (per curiam).  In Ghazali, the Ninth Circuit held that in exercising its

3   discretion to dismiss an action for failing to comply with a district court's local rules or orders,

4   the court is "required to weigh several factors: '(1) the public's interest in expeditious

5   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

6   defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

7   availability of less drastic sanctions.'"  Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423

8   (9th Cir. 1986)).  Upon balancing the Ghazali factors under the facts of this case, the Court

9   finds that dismissal is warranted.

10      The first and second factors both favor dismissal.  Under Local Rule 7-3, Plaintiff was

11   obligated to file his opposition to Defendants' motions to dismiss by no later than October 5,

12   2010.  In violation of that rule, he failed to do so.  Plaintiff's failure to comport with Court's

13   filing requirements undermine the Court's ability to expedite the resolution of the action.  Such

14   non-compliance inherently delays resolution of the case and insures to the detriment of the

15   public.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the

16   Court to manage its docket without being subject to routine noncompliance of litigants");

17   Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to

18   control its own docket).

19      The third factor, the risk of prejudice to the defendant, is related to the strength of the

20   plaintiff's excuse for the default, if any.  See Yourish, 191 F.3d at 991.  Here, Plaintiff has

21   offered no "excuse" for his non-compliance, nor is any apparent from the record.  These facts

22   also weigh strongly in favor of dismissal.  Id.; Ghazali, 46 F.3d. at 54.

23      The fourth factor favoring disposition of cases on the merits, by definition, weighs

24   against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on

25   the merits.  Thus, this factor weighs against dismissal").

26      Finally, the Court's Standing Order expressly warns that the "failure of the opposing

27   party to file a memorandum of points and authorities in opposition to any motion shall

28   constitute a consent to the granting of the motion."  Civil Standing Order at 4.  See Brydges v.

1  Lewis, 18 F.3d 651, 653 (9th Cir. 1994) ("We conclude that because Brydges was warned of

2  the consequence of his failure to respond to the appellees' summary judgment motion, the

3  district court did not err by deeming his failure to respond a consent to the motion for summary

4  judgment").

5      In sum, weighing the relevant factors, the Court exercises its discretion and grants the

6  Defendants' motions to dismiss.

7      Accordingly,

8      IT IS HEREBY ORDERED THAT:

9      1.    Defendant All California Mortgage's Motion to Dismiss (Dkt. 13) and

10 Defendants Mitchel H. Caplan's and E*Trade Wholesale Lending's Motion to Dismiss (Dkt.

11 32) are GRANTED.

12     2.    The hearing scheduled for October 26, 2010 is VACATED.

13     3.    The Clerk shall close the file and terminate any pending matters.

14     IT IS SO ORDERED.

15 Dated: October  21, 2010

16                                   SAUNDRA BROWN ARMSTRONG
                                      United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28